IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANGEL BENITEZ, JR. | : | NO.  07-00219 |

**Stengel, J.**                                                                                                            September 13, 2007

## **MEMORANDUM**

Defendant Angel Benitez, Jr. has filed a motion to suppress evidence obtained by the Reading Police after a vehicle stop.  Mr. Benitez is charged with a violation of 18 U.S.C. §922(g)(1), the government alleging that he was a convicted felon in possession of a firearm.

A hearing on the motion to suppress was held on September 12, 2007.  Three Reading police officers testified.  Officer Wilfredo Ramirez testified that he investigated a burglary report on June 22, 2006.  The victim of the burglary related to Officer Ramirez that he "came downstairs" in his home and found Julio Melendez with a gun in the process of a burglary.  Officer Ramirez obtained a description of the vehicle used by Melendez, that being a green Dodge Caravan with Florida registration plates.  Ramirez prepared an arrest warrant for Melendez and filed a criminal complaint on June 23, 2006.  Officer Ramirez also prepared a wanted person report which was presented to other Reading police officers at the roll call at the beginning of each shift.  The wanted person

report contained a description of Melendez.  It appears that Melendez is not similar in appearance to the defendant Angel Benitez.

Officer Christopher Bealer testified that he attended roll call on July 7, 2006 at the beginning of the 11:00 p.m. to 7:00 a.m. shift and that the wanted person's report for Melendez was read at the roll call.  He wrote down a description of the car on his "hot sheet" which contained descriptions of wanted persons and stolen automobiles.

At the beginning of his shift, Officer Bealer spotted the vehicle Melendez was supposed to have been driving in the vicinity of 9th and Green Streets in the City of Reading.  He observed the green minivan with Florida registration and radioed to the dispatcher that he was following a vehicle with a possible burglary suspect.  He also noted that the burglary suspect was thought to be in possession of a gun.

When adequate backup was in the vicinity, Officer Bealer activated his lights and the green minivan with Florida registration plates pulled over and stopped along the curb.  The green minivan pulled to the left side of the street and parked lawfully so that the driver's side was along the curb.  As the car came to a stop, but before it was completely stopped, the passenger door opened and a man got out and started walking down the street.  Officer Bealer testified that he had no idea whether the driver or the passenger was Melendez.  Officer Bealer radioed that a person had taken off from the stopped vehicle.

Sergeant Nicholas Apostolou, a Reading police officer, was in the vicinity in plain clothes in an unmarked vehicle.  He was wearing a Reading police officer "raid shirt."

Apostolou heard Bealer radio that he was stopping a car and as he got to the scene, he saw the passenger get out of the van and begin to walk down the street. Sergeant Apostolou followed the passenger, stopped him and said, "let me see your hands." The passenger was Angel Benitez, the defendant. Mr. Benitez was cooperative. Sergeant Apostolou patted him down, felt a gun and Benitez immediately told him that he was in possession of a gun.

A police officer has the right to stop and frisk an individual if he has reasonable suspicion that the person is involved in criminal activity. Terry v. Ohio, 392 U.S. 1 (1968). Here there is abundant evidence of reasonable suspicion of criminal activity. The green minivan with Florida license plates was used in a burglary on June 22, 2006, and the Reading police officers were informed that this vehicle may be operated by an armed burglary suspect. In short, they were looking for the vehicle and for Mr. Melendez. Officer Bealer had every right to activate his lights and pull the green minivan over when he spotted the vehicle in Reading on the evening of June 7, 2006. A police officer who has lawfully stopped a car (as in this case) may exercise reasonable supervision over the car and its passengers. United States v. Bonner, 363 F.3d 213 (3d Cir. 2004). "A police officer may order the occupants of a car to remain in the car with their hands up. See Bonner. Further, our Circuit has recognized that a person who flees from a lawful traffic stop provides reasonable suspicion to justify temporarily detaining the individual for further investigation. Bonner, Id. In this case, that is exactly what happened. Mr.

Benitez got out of the car and began to move up the street.  The Reading police officers did not know whether or not this was Mr. Melendez.  They were looking for Mr. Melendez and knew that he was a suspect in an armed burglary.  The officers were justified in pursuing Mr. Benitez and when they stopped him under Terry v. Ohio Sgt. Apostolou was justified in performing a custodial pat down to determine the presence of weapons.  The police conduct here was lawful.  The officers had reasonable suspicion sufficient to justify the stop of the vehicle and the stop of Mr. Benitez once he chose to leave the vehicle.  The seizure of the loaded handgun and the marijuana from the defendant did not violate his 4th Amendment rights.  The defendant's suppression motion will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANGEL BENITEZ, JR. | : | NO.  07-00219 |

## ORDER

AND NOW, this 13th day of September, 2007, upon consideration of defendant's motion to suppress, the government's response, and the evidence presented at a hearing held on September 12, 2007, it is hereby **ORDERED** that defendant's Motion to Suppress (document #21) is **DENIED.**

BY THE COURT:


/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.